YETTA CARTENOVITZ ET AL. *vs.* ANGELO CONTI.

First Judicial District, Hartford, March Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Evidence certified upon appeal in support of exceptions to the finding, will not be expunged or disregarded merely because some of it was obtained by the trial court upon a view of the premises; at least in the absence of a definite statement by the trial judge, as required by the rule (Practice Book, p. 269, § 11), that it was impossible to incorporate in the finding the results of his inspection.

Statements by an owner of land adjoining that of the plaintiffs', respecting his alleged encroachments, made in the course of an interview with the attorney for the plaintiffs with a view to an amicable settlement or compromise, are prima facie privileged communications and inadmissible in evidence against him.

During such interview, area-ways connected with the defendant's building were claimed to be encroachments upon the plaintiffs' property; to which the defendant replied that he knew nothing as to that, as the area-ways were there when he bought the property. *Held* that such statement did not tend to prove a disclaimer of any title or interest in the land occupied by the area-ways, but rather the reverse.

By the undisputed possession for more than fifteen years of that part of

the air occupied by a fire-escape projecting beyond the face of a building and extending over the boundary line, and of the space occupied by the swing of the blinds attached to such building, without the license or consent of the owners of the adjoining property, the owner of such building acquires by adverse possession the right to maintain the fire-escape and to have the blinds swing as they had been wont to do. The ouster thereby effected is not one of the soil, but only of the space above it.

The evidence in the present case reviewed, and certain findings relative to adverse possession, corrected as requested by the appellant.

Argued March 7th—decided April 30th, 1918.

ACTION to secure the removal of alleged encroachments made by the defendant upon the plaintiffs' adjoining property, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *Error and new trial ordered.*

In this court the plaintiffs filed a motion to expunge the oral evidence from the record. *Motion denied.*

The defendant acquired on March 1st, 1893, the premises on the northwest corner of Front and Temple streets, in Hartford, facing east on Front Street, upon which then and ever since has stood a brick building containing a number of tenements. The plaintiffs on May 12th, 1911, acquired the premises adjoining on the north.

In the north cellar wall of defendant's building, extending below the present level of the adjacent ground, are five cellar windows which have remained substantially unaltered since the building was erected. In front of each window is a walled area-way which extends from the wall the full width of the window, built of brick, existing at the time of defendant's purchase, and maintained and cleaned by him ever since. From time to time defendant broadened and deepened these, until now they extend some two feet beyond the boundary line of the defendant's property.

Attached to the north wall of defendant's building, at a time unproved, and maintained by him, are two leaders extending perpendicularly from the ground and projecting a few inches northerly of said boundary line.

On or before August 13th, 1896, defendant, under order of the city of Hartford, erected a fire-escape which projected two and one half feet beyond this boundary line, and has since maintained this.

Prior to the commencement of this action, and after the fire-escape had been maintained for over fifteen years, the defendant disclaimed any right, title or interest in or to any of the land lying north of this boundary line.

The trial court concluded that the area-ways, fire-escape, and conductors, constituted encroachments upon the plaintiff's land, which had not existed so as to give the defendant a right to the same by prescription, adverse use, or otherwise.

*Joseph P. Tuttle* and *Albert C. Bill,* for the appellant (defendant).

*Robert P. Butler* and *Charles Sudarsky,* for the appellees (plaintiffs).

WHEELER, J. The first question for decision is the plaintiffs' motion that the evidence be expunged from the record, on the ground that the trial court viewed the premises. Its decision controls the correction of the finding asked for. The motion is based upon § 11, Practice Book (1908) page 269. It proceeds upon the theory that the case is one where it is impossible to certify up material evidence obtained upon such view, and hence, under a proper interpretation of the rule, none of the evidence will be so certified or considered upon appeal. The essential condition for the non-

certification of the evidence under the rule is the finding of the trial court of the impossibility of certifying to the things seen upon the view. No statement of this character appears in the finding, nor do we understand how it could have been placed there. None but the exceptional case will fall within the rule. In the absence of a definite finding by the trial court that it is impossible to certify what he has seen on the view, we shall assume the contrary. The interpretation of the rule as sought by the plaintiffs, would make obligatory upon all litigants their refusal to consent to a view of the premises. Such view is occasionally helpful to a proper understanding of a complicated situation, or of a fact difficult of explanation by word of mouth alone.

The two rulings on evidence relate to the same class of testimony. The former attorney of the plaintiffs had, in their behalf, written the defendant relative to certain claimed encroachments upon the plaintiffs' premises. As a consequence, the defendant came to the attorney's office, and together they discussed the subject of these claimed encroachments with a view to an amicable settlement of the differences. The plaintiffs offered in evidence certain statements of the defendant, made in the course of this interview, as tending to prove that the defendant did not then claim any rights other than such as were determined by the regular boundary. The evidence of these statements was objected to, upon the ground that they were "offers of compromise." They were a part of the discussion relative to the subject of encroachments, and were as much a part of the effort at an amicable adjustment as any other part of the interview. As such they appear to have been inadmissible. But this evidence, if admitted, did not prove or tend to prove, as the court has found, that "the defendant disclaimed any right, title or interest in or to any land lying immediately north of

Cartenovitz *v.* Conti.

said boundary line." In the course of the interview the plaintiffs claimed that the area-ways were encroachments, to which the defendant replied that he knew nothing as to that, because they were there when he first acquired the property. This position does not tend to prove a disclaimer, but, as we understand the evidence, the reverse. With this evidence out, we know of no evidence which would justify the finding of the disclaimer as stated in paragraph thirteen of the finding.

The evidence is undisputed that the defendant had been in undisputed possession ever since his purchase of the premises of that part of the air occupied by the fire-escape and of the space occupied by the swinging of the blinds. He was entitled to this finding as he requested, and, had he requested it, to the further finding that this possession was without the license or consent of the owners. With these findings, the conclusion would follow that the defendant had acquired the right by adverse possession to maintain the fire-escapes where they were, and to have the blinds swing as they had been accustomed to.

Upon these facts, read in connection with the finding, the ouster as to the fire-escapes and blinds was not of the possession of the soil, but only of the space above the soil. *Goodwin* v. *Bragaw*, 87 Conn. 31, 35, 86 Atl. 668.

The finding as to the area-way shows an exclusive possession of a part of it for over fifteen years, but how much this is does not appear. The clear weight of the evidence was that the area-ways had existed as they were ever since the defendant had owned the premises.

The correction asked for in paragraph nine of the draft-finding, so far as it relates to the area-way, is granted, to correspond with the evidence.

The finding does not cover as to these encroachments

the facts constituting the elements of adverse possession, nor do the corrections asked for cover these. *Carney* v. *Hennessey*, 74 Conn. 107, 111, 49 Atl. 910.

Inasmuch as there must be a new trial, we do not at this time consider the corrections in the finding asked for relating to the conductor pipes and the flag walk.

There is error and a new trial is ordered.

In this opinion the other judges concurred.